FILED
CLERK

9/20/2019 4:04 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
IRIS ANNETTE PORTAL,

                    Plaintiff,

      -against-

ANDREW SAUL,[1]
Commissioner of Social Security,

                    Defendant.
----------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
17-CV-5503 (JMA)

**APPEARANCES**

    Charles E. Binder
    Law Offices of Charles E. Binder
    and Harry J. Binder, LLP
    485 Madison Avenue, Suite 501
    New York, New York 10022
    *Attorney for Plaintiff*

    Arthur Swerdloff
    United States Attorney's Office, EDNY
    271 Cadman Plaza East
    Brooklyn, NY 11201
    *Attorney for Defendant*

**AZRACK, United States District Judge:**

        Plaintiff Iris Annette Portal ("Plaintiff") seeks review of the final decision by the Commissioner of Social Security (the "Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act (the "Act"). Before the Court are the parties' cross-motions for judgment on the pleadings. (ECF Nos. 10, 14.) For the reasons discussed herein, Plaintiff's motion for judgment on the pleadings is GRANTED in part and

---

[1] Andrew Saul became the Commissioner of the Social Security Administration on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit.

DENIED in part, the Commissioner's cross-motion is DENIED, and the case is REMANDED for proceedings consistent with this opinion.

## I. BACKGROUND

Plaintiff filed her application for benefits on January 7, 2014, alleging a disability onset date of June 15, 2012 due to multiple medical conditions, including issues with her knees and back. (Tr. 146, 248–49, 260–69.[2]) Following the denial of her application, Plaintiff requested a hearing and appeared with her attorney for an administrative hearing on April 12, 2016 before administrative law judge Patrick Kilgannon ("ALJ Kilgannon"). (Tr. 107–36.) After the initial hearing, ALJ Kilgannon requested a non-examining medical opinion from Dr. Louis A. Fuchs, an orthopedist, and a second hearing was conducted on June 23, 2016. (Tr. 84–106, 1037–48.)

In a decision dated July 27, 2016, ALJ Kilgannon denied Plaintiff's claim. (Tr. 50–66.) ALJ Kilgannon followed the five-step process described below pursuant to 20 C.F.R. § 404.1520, and determined that Plaintiff retained the residual functioning capacity ("RFC") to perform sedentary work,[3] except that she (1) can lift ten pounds occasionally; (2) can sit for six hours and stand/walk for two hours at a time in an eight hour work day; (3) should not climb ladders, ropes, or scaffolding; (4) can occasionally balance, stoop, kneel, crouch, crawl, and climb stairs and ramps; and (5) should not be exposed to unprotected heights. (Tr. 57–65.) Based on this RFC and the hearing testimony from a vocational expert, ALJ Kilgannon determined that Plaintiff could perform her past relevant work as a circuit board assembler, as she actually performed it. (Tr. 65.) Accordingly, ALJ Kilgannon concluded that Plaintiff was not under a disability as defined by the

---

[2] Citations to "Tr." refer to pages of the certified administrative record filed by the Commissioner. (ECF No. 8.)

[3] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

Act from June 15, 2012 through the date of his decision. (Tr. 65.) The Appeals Council denied Plaintiff's request for review on July 17, 2017, at which point ALJ Kilgannon's decision became the final decision of the Commissioner. (Tr. 1–7.) This appeal followed. (See ECF No. 1.)

## II. DISCUSSION

### A. Social Security Disability Standard

Under the Act, "disability" is defined as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is disabled when her "physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

The Commissioner's regulations set out a five-step sequential analysis by which an administrative law judge ("ALJ") determines disability. See 20 C.F.R. § 404.1520. The analysis is summarized as follows:

> [I]f the Commissioner determines (1) that the claimant is not working, (2) that [s]he has a "severe impairment," (3) that the impairment is not one [listed in Appendix 1 of the regulations] that conclusively requires a determination of disability, and (4) that the claimant is not capable of continuing in [her] prior type of work, the Commissioner must find [her] disabled if (5) there is not another type of work the claimant can do.

Brugess v. Astrue, 537 F.3d 117, 120 (2d Cir. 2008) (quoting Green-Younger v. Barnhart, 335 F.3d 99, 106 (2d Cir. 2003)). At step four, the Commissioner determines the claimant's RFC before deciding if the claimant can continue in her prior type of work. 20 C.F.R. § 404.1520(a)(4)(iv). The claimant bears the burden at the first four steps; but at step five, the

Commissioner must demonstrate that "there is work in the national economy that the claimant can do." Poupore v. Astrue, 566 F.3d 303, 306 (2d Cir. 2009).

**B. Scope of Review**

In reviewing a denial of disability benefits by the Social Security Administration ("SSA"), it is not the function of the Court to review the record de novo, but to determine whether the ALJ's conclusions "'are supported by substantial evidence in the record as a whole, or are based on an erroneous legal standard.'" Schaal v. Apfel, 134 F.3d 496, 501 (2d Cir. 1998) (quoting Beauvior v. Chater, 104 F.3d 1432, 1433 (2d Cir. 1997)). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Perez v. Chater, 77 F.3d 41, 46 (2d Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). "'To determine whether the findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn.'" Snell v. Apfel, 177 F.3d 128, 132 (2d Cir. 1999) (quoting Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1984) (per curiam)). Thus, the Court will not look at the record in "isolation but rather will view it in light of other evidence that detracts from it." State of New York ex rel. Bodnar v. Sec. of Health and Human Servs., 903 F.2d 122, 126 (2d Cir. 1990). An ALJ's decision is sufficient if it is supported by "adequate findings . . . having rational probative force." Veino v. Barnhart, 312 F.3d 578, 586 (2d Cir. 2002).

Conversely, a remand for further proceedings is warranted in cases where the Commissioner has failed to provide a full and fair hearing, to make sufficient findings, or to have correctly applied the law and regulations. See Rosa v. Callahan, 168 F.3d 72, 82–83 (2d Cir. 1999); see also 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and

transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.").

C. <u>Analysis</u>

Plaintiff raises two challenges to the Commissioner's decision: (1) that ALJ Kilgannon failed to appropriately apply the treating physician rule in weighing the medical opinion evidence; and (2) that ALJ Kilgannon erred in his evaluation of Plaintiff's testimony. (See Pl.'s Mem., ECF No. 10.) Upon a review of the record, the Court finds that ALJ Kilgannon did not properly apply the regulations in formulating Plaintiff's RFC and remands this case for further consideration.

Four doctors provided medical opinions regarding Plaintiff's limitations: (1) Dr. Sarita K. Dorschug, Plaintiff's family medicine treating physician, (Tr. 737–41, 1070);[4] (2) Dr. Kanista Basnayake, a family medicine doctor, who conducted an SSA-requested consultative physical examination, (Tr. 512–516); (3) Dr. Kathleen Acer, a psychologist, who conducted an SSA-requested consultative psychological examination, (Tr. 508–511); and (4) Dr. Louis A. Fuchs, a non-examining orthopedic specialist, who completed a medical interrogatory questionnaire upon the request of ALJ Kilgannon. (Tr. 1037–48.) ALJ Kilgannon gave the most weight to Dr. Fuch's opinion, and the least weight to Dr. Dorschug's opinion. (Tr. 57–64.) Plaintiff contends that this violated the "treating physician rule" in effect when Plaintiff filed her application for benefits.

Under the treating physician rule, when a treating physician's opinion regarding the nature and severity of an individual's impairments is supported by "medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record, the ALJ will credit that opinion with "controlling weight." 20 C.F.R. § 404.1527(c)(2); <u>Halloran v. Barnhart</u>, 362 F.3d 28, 32 (2d Cir. 2004). However, an ALJ may discount a treating

---

[4] Dr. Dorschug provided two opinions, one in August 2014, and a second in May 2016.

physician's opinion when the opinion is conclusory, the physician fails to provide objective medical evidence to support his or her opinion, the opinion is inconsistent with the record, or the evidence otherwise supports a contrary finding. See 20 C.F.R. § 404.1527(c). An ALJ must provide "good reasons" not to grant controlling weight to a treating physician's opinion. See Schaal, 134 F.3d at 503–04. And, when a treating physician's opinion is not given controlling weight, the ALJ should "comprehensively set forth reasons for the weight assigned" to that opinion, considering the factors identified in the SSA regulations. Halloran, 362 F3d at 33; see also 20 C.F.R. § 404.1527(c). These same factors are considered when evaluating other medical opinion evidence.

Here, ALJ Kilgannon's reasons not to grant controlling weight to Dr. Dorschug's opinions are questionable. More critically, however, ALJ Kilgannon failed to comprehensively explain why he granted little weight to some parts of Dr. Dorschug's 2014 opinion, while granting more weight to other parts of her opinion. ALJ Kilgannon stated that the 2014 opinion was only entitled to "limited weight" because Dr. Dorschug's treatment records did not support all the limitations she set forth and provided a few examples purportedly supporting that determination before assigning various weights to different statements in the opinion. (Tr. 61–62.)

ALJ Kilgannon first stated that although Dr. Dorschug indicated that Plaintiff's symptoms interfere with her attention and concentration, nothing in Dr. Dorschug's progress notes documented psychiatric or cognitive issues. (Tr. 61.) However, psychiatric or cognitive issues are not the only symptoms that could interfere with an individual's attention and concentration. Plaintiff consistently reported high pain levels and the need to take opioids to relieve the pain, which certainly could interfere with her attention and concentration. Thus, this is plainly not a "good reason" to grant less than controlling weight to a treating physician's opinion.

6

ALJ Kilgannon then pointed to certain limitations in Dr. Dorschug's opinion—that Plaintiff can only sit, stand, and walk less than one hour each in an eight-hour workday, must get up from a seated position to move around for five to ten minute every ten to 18 minutes, and must elevate her legs six inches for about five minutes per hour while sitting—and indicated that these specific limitations were not reported in Dr. Dorschug's treatment notes. (Tr. 61–62.) This is true and in certain cases may be enough of a "good reason" not to grant controlling weight to an opinion. However, ALJ Kilgannon went on to state, "[i]f an individual has limitations this severe, which are consistent with a finding that the individual is homebound, it seems reasonable that a treating source would document them in progress note[s] and other treatment records." (Id.) This suggests that Dr. Dorschug analyzed the opinion in the wrong context—the opinion and limitations therein were expressly as to Plaintiff's functional capacity in a competitive work environment, so would not necessarily translate to a finding that she was "homebound."[5]

Even if there might be a good reason or reasons not to grant controlling weight to Dr. Dorschug's opinions, ALJ Kilgannon appears to have inappropriately cherry-picked the portions of Dr. Dorschug's 2014 opinion that supported his RFC assessment and discounted those that did not. (See Tr. 61–62.) An ALJ is certainly permitted to assign different weights to different portions of a medical opinion, but "when the ALJ uses a portion of a given opinion to support a finding, while rejecting another portion of that opinion, the ALJ must have a sound reason for this

---

[5] With respect to Dr. Dorschug's 2016 opinion, ALJ Kilgannon failed to reconcile a clear discrepancy where Dr. Dorschug checked a "no" box that asked if Plaintiff had a medically determinable impairment that prevents her from working, but certified at the end of the form that Plaintiff <u>does</u> have a physical or mental impairment that can be expected to last for a continuous period of not less than 60 months which prevents her from engaging in substantial gainful activity. (Tr. 1070.) ALJ Kilgannon simply stated that Dr. Dorschug "declared that [Plaintiff] does not have a medically determinable impairment that prevents her from working" as a reason to cast doubt on her 2014 opinion, without acknowledging the latter certification. (Tr. 62; see also 1070.) While only addressing one statement was erroneous, ALJ Kilgannon did point to Dr. Dorshug's statement that she had not treated Plaintiff for her severe impairments recently and that Plaintiff's specialists should be contacted for more information. (Id.) That might be a "good reason" to assign less than controlling weight to Dr. Dorschug's opinions. However, considering the other errors in assessing the evidence, the Court will not rely solely on that to uphold the Commissioner's decision.

discrepancy." Artinian v. Berryhill, No. 16-CV-4404, 2018 WL 401186, at *8 (E.D.N.Y. Jan. 12, 2018). Here, ALJ Kilgannon assigned five different levels of weight to the various statements in Dr. Dorschug's 2014 opinion, but, by way of explanation, merely asserted that those statements supporting his RFC were consistent with the medical record and granted them "great," "considerable," or "significant" weight, while those that did not support his RFC, were, according to ALJ Kilgannon, not supported by treatment records and, thus, were accorded "little" or "limited" weight. (Tr. 61–62.) Such a limited analysis does not satisfy the substantial evidence standard and prevents meaningful review by this court. See Annabi v. Berryhill, No. 16-CV-9057, 2018 WL 1609271, at *16–19 (S.D.N.Y. Mar. 30, 2018) (remanding in part because the ALJ cherry picked portions of opinions which supported the RFC, without providing sound reasons for weighing opinions from the same source differently, suggesting "that an outcome-determinative selection process was at work").

Since ALJ Kilgannon failed to properly assess the opinions of Plaintiff's treating physician, Dr. Dorschug, the Court offers no opinion as to the weight he assigned to the consultative examiners or the non-examining expert Dr. Fuchs because such weight may change on remand. Accordingly, upon remand, the Commissioner must assess the proper weight for each of the medical opinions in the record according to the treating physician rule,[6] and determine if such an assessment requires reconsideration of Plaintiff's RFC.

Similarly, the Court makes no specific finding regarding ALJ Kilgannon's initial assessment of Plaintiff's credibility because it may change in light of a proper assessment of the medical opinions, or any new evidence considered on remand. However, the Court briefly notes

---

[6] The Court encourages the Commissioner to expressly address all the factors for evaluating opinion evidence in the SSA regulations. See 20 C.F.R. § 404.1527(c). Moreover, if the opinion of a non-examining expert is again given more weight than any opinion from Plaintiff's treating physician(s), the Commissioner must clearly explain why it is appropriate to credit a physician who did not examine Plaintiff over one who did. See 20 C.F.R. § 1527(f)(2).

that it was inappropriate for ALJ Kilgannon to find that Plaintiff's characterization of her pain and symptoms at the hearing was not consistent with the medical record without acknowledging Plaintiff's consistent reports of pain to virtually every doctor she visited.[7] (See Tr. 64, 119–122.) Accordingly, upon remand, the Commissioner should reassess Plaintiff's subjective complaints and, if necessary, Plaintiff's RCF, in light of the record as a whole.[8]

Finally, the Court will not grant Plaintiff's request to remand for calculation of benefits because the record does not lead to the definitive conclusion that Plaintiff is disabled. See Williams v. Apfel, 204 F.3d 48, 50 (2d Cir. 2000) (directing remand for further proceedings where the record was not entirely persuasive with respect to the Plaintiff's disability). Moreover, the Court is not convinced that Plaintiff's allegedly disabling condition prevented her from working as of her alleged onset date of June 15, 2012. Indeed, when Plaintiff presented to a pain specialist in June 2013, she indicated that she had not been able to work due to her gastrointestinal problems, not due to any of her severe impairments.[9] Thus, the Court remands for further consideration of both Plaintiff's RFC and, if she is found to be disabled, the onset date of that disability.

Plaintiff asserts that, if remanded for further proceedings, the case should be reassigned to a new ALJ. In support of this argument, Plaintiff provides evidence that ALJ Kilgannon calls Dr. Fuchs more than other experts, (See Tr. 341–46), and claims (without providing specific support)

---

[7] The Court recognizes that such subjective complaints are not necessarily entitled to the same weight as objective medical findings. However, ALJ Kilgannon erred by failing to acknowledge the existence of Plaintiff's continued complaints of pain in discounting her hearing testimony about her symptoms.

[8] Again, the Commissioner is encouraged to expressly address all the factors for evaluating credibility identified in the SSA regulations. See 20 C.F.R. § 404.1529(c)(3).

[9] At step two in the analysis, the impairments that ALJ Kilgannon found to be "severe" were Plaintiff's degenerative disc disease of the lumbar spine, status post back lumbar spine surgery, bilateral knee osteoarthritis, fibromyalgia, and obesity. (Tr. 52–55.) Plaintiff did not challenge ALJ Kilgannon's step-two findings (including that her gastrointestinal problems are not severe impairments), so the Court sees no reason to review ALJ Kilgannon's analysis. However, since the case is being remanded for further proceedings, the Court notes that Plaintiff alleged a mental impairment as part of her application for disability insurance benefits, (see Tr. 261), and it is unclear if ALJ Kilgannon followed the "special technique" outlined by the regulations to assess mental impairments. See 20 C.F.R. § 404.1520a; Kohler v. Astrue, 546 F.3d 260, 265–67 (2d Cir. 2008) (finding that failure to follow the special technique was legal error).

that ALJ Kilgannon requests Dr. Fuchs' opinions out of rotation, contrary to the SSA's non-precedential internal operating guide. (Pl.'s Mem. at 23–24.) She does not specifically allege that Dr. Fuchs was called out of rotation in her case. The decision to reassign a remanded case to another ALJ is generally reserved for the Commissioner, and Plaintiff has not presented evidence of such extreme bias by ALJ Kilgannon to warrant the Court's intervention here. Cf. Sutherland v. Barnhart, 322 F. Supp. 2d 282, 291–93 (E.D.N.Y. 2004) (remanding to a new ALJ when the original ALJ was overtly hostile towards the plaintiff and plaintiff's counsel). However, on remand, the Commissioner should consider whether reassignment to a new ALJ is warranted.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Plaintiff's motion for judgment on the pleadings; DENIES the Commissioner's cross-motion; and REMANDS the case for further proceedings consistent with this opinion. The Clerk of the Court is directed to enter judgment accordingly.

**SO ORDERED.**

Dated: September 20, 2019
Central Islip, New York

                                                    /s/ (JMA)
                                                    JOAN M. AZRACK
                                                    UNITED STATES DISTRICT JUDGE